UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANCKY COMPERE,

Petitioner,

v. Case No. 3:26-cv-2313-MMH-LLL

WARDEN, FLORIDA BAKER CORRECTIONAL INSTITUTE, et al.,

Respondents.

---

**ORDER**

Petitioner Francky Compere, an immigration detainee, initiated this action by filing through counsel a Petition for Writ of Habeas Corpus (Doc. 1) on September 3, 2026.[1] Compere, a citizen of Haiti, was paroled into the United States on July 24, 2023. Id. at 5. Compere has a pending application for asylum and withholding of removal. Id. at 6. On August 7, 2026, United States Immigration and Customs Enforcement detained Compere. Id. In Count One of Compere's Petition, he argues that he is not subject to mandatory detention

[1] Compere also filed an Emergency Motion for Temporary Restraining Order (Doc. 2). On September 8, 2026, the Court granted in part Compere's request for a temporary restraining order and enjoined Respondents from removing him from the Middle District of Florida through September 21, 2026. See Temporary Restraining Order (Doc. 6). The Court also notified the parties that it would consolidate consideration of the construed request for a preliminary injunction with an adjudication of the Petition on the merits and set a briefing schedule. See id.

under 8 U.S.C. § 1225(b)(2). Id. at 9–12. As relief, he requests an individualized bond hearing. Id. at 14.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Compere, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Compere was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Compere's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Count One.[2] Within **seven days** of this Order, Respondents shall either afford Compere an individualized bond hearing consistent with 8

[2] Because the Court finds that Compere is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

U.S.C. § 1226(a) or release him. If Respondents release Compere, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. Compere's construed request for a preliminary injunction (Doc. 2) is **DENIED as moot**.

3. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/16
c:
Counsel of Record